IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JANICE M. DELOATCH, | * | |
| Plaintiff, | * | |
| v. | * | |
| BAYWOOD HOTELS, Inc., | * | CIVIL NO. JKB-18-3811 |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pending before the Court is Defendant Baywood Hotels, Inc.'s Motion to Dismiss or, in the Alternative, to Compel and for Sanctions (ECF No. 76), and Plaintiff Janice DeLoatch's Motion for Extension (ECF No. 78). Defendant's motion is unopposed, and Plaintiff's motion is fully briefed. No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Defendant's motion will be granted and Plaintiff's motion will be denied. Upon reconsideration, the Court will also vacate its prior judgment against Plaintiff. (ECF Nos. 55, 75.) The case will be dismissed.

### I.  *Background*

On December 11, 2018, Plaintiff filed a *pro se* Complaint charging Baywood Hotels, Inc. with sexual harassment and retaliatory termination. (ECF No. 1.) On February 15, 2019, Defendant moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 12.) Plaintiff failed to oppose the motion, and the case was dismissed without prejudice. (ECF No. 17.) After retaining counsel, Plaintiff moved for leave to file an Amended Complaint (ECF No. 29), and the Court granted the motion on July 17, 2019 (ECF No. 34). On September 26,

2019, the Court entered a Scheduling Order establishing a discovery deadline of March 26, 2020. (ECF No. 44.)

On December 31, 2019, Defendant filed a motion to compel, claiming that Plaintiff had failed to timely respond to Defendant's First Requests for Production. (ECF No. 46.) Plaintiff did not oppose the motion, and on January 15, 2020, the Court granted the motion and ordered Plaintiff to respond to the Requests for Production by January 29, 2020. (ECF No. 47.) Plaintiff failed to do so, and on February 14, 2020, Plaintiff moved to modify the Scheduling Order to extend all deadlines. (ECF No. 48.) Following a teleconference held on February 21, 2020, the Court ordered Plaintiff to produce the requested documents and to pay Defendant $3,762 in fees within 30 days. (ECF No. 55.) The Court also amended the Scheduling Order and moved the discovery deadline from March 26, 2020 to May 10, 2020. (ECF No. 56.)

In March 2020, counsel for Plaintiff informed her of his intention to withdraw from the matter, and on May 7, 2020, counsel notified the Court. (ECF No. 59.) Following the withdrawal, Defendant moved for a 90-day extension of all deadlines, noting that Plaintiff's failure to respond to Defendant's Requests for Production had caused Defendant to cancel the deposition of Plaintiff scheduled for February 12, 2020, and that the parties had thus far been unable to reschedule the deposition at a mutually agreeable time. (ECF No. 64.) The Court granted the extension, moving the discovery deadline to August 10, 2020. (ECF No. 65.)

On June 17, 2020, Plaintiff moved for a continuance and one-year extension of all deadlines, arguing that she was entitled to the additional time so that she could retain new counsel. (ECF No. 66.) Defendant opposed the motion, arguing that the only outstanding discovery was Plaintiff's deposition and that the extensions already granted had provided Plaintiff with sufficient time to retain counsel. (ECF No. 67.) The Court granted Plaintiff's motion in part, extending the

2

discovery deadline by another three months, from August 10, 2020 to November 10, 2020. (ECF No. 70.) The Court also provided Plaintiff an explicit warning that further extensions would not be granted, and that the case would be dismissed if she failed to adhere to her discovery obligations, stating: "This is the final extension that will be permitted in this case. If Plaintiff does not move forward with this case, the case is subject to being dismissed[.]" (*Id.*)

Plaintiff failed to pay the attorney's fees award, and on June 22, 2020, Defendant moved for dismissal as a sanction. (ECF No. 68.) Though Plaintiff failed to oppose the motion, the Court determined that dismissal would be an inappropriate sanction and denied Defendant's motion. (ECF No. 71.) However, the Court ordered Plaintiff to show cause why she should not otherwise be sanctioned for her failure to pay the judgment. (*Id.*) Following a response from Plaintiff in which she indicated that she was experiencing severe financial difficulties related to the COVID-19 pandemic (ECF Nos. 72, 74), the Court declined to impose any additional sanction and ordered Plaintiff to pay the outstanding award in $50 monthly installments starting on October 15, 2020. (ECF No. 75.) The Court also again reminded Plaintiff that discovery was scheduled to conclude on November 10, 2020, and that all discovery needed to be completed by that date. (*Id.*)

On October 27, 2020, Defendant filed the pending motion to dismiss. (Mot. Dismiss, ECF No. 76.) Defense counsel provided a sworn declaration that Plaintiff had failed to make the first $50 payment due on October 15, 2020, and more importantly, that Plaintiff had failed to appear for her scheduled deposition on October 23, 2020. (Urban Decl., Mot. Dismiss Ex. 1, ECF No. 76-2.) Defense counsel testified that she had repeatedly contacted Plaintiff in an effort to select a mutually agreeable deposition date, and that after obtaining Plaintiff's agreement to attend a deposition via Zoom on October 23, 2020, Defense counsel served Plaintiff with a Notice of Deposition reflecting that date. (*Id.*) Defense counsel testified that Plaintiff failed to appear for

3

the deposition, then failed to respond to two emails from counsel regarding her failure to appear. (*Id.*)

On November 2, 2020, the Court received a letter from Plaintiff dated October 26, 2020. (Mot. Extend, ECF No. 78.) The letter did not address Defendant's motion, and instead reprised Plaintiff's request for a continuance and extension of all deadlines by one year, in order to enable Plaintiff to retain counsel. (*Id.*) Despite receiving notice from the Court that the case could be dismissed if she failed to respond to Defendant's motion (ECF No. 77), Plaintiff filed no response. The discovery period concluded on November 10, 2020 without Baywood having had the opportunity to depose Plaintiff.

## II. Legal Standards and Analysis

Rules 37(b) and 37(d) of the Federal Rules of Civil Procedure establish the Court's authority to grant sanctions against a party that, *inter alia*, defies a Court order or fails to attend its own deposition. These Rules authorize the Court to impose any of the sanctions available under Rule 37(b)(2)(A), including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part; [or]
> (vi) rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(A).

The Fourth Circuit has explained that a district court deciding whether dismissal is an appropriate sanction should consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would

4

have been effective." *S. States Rack & Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (quotations and citations omitted); *see also Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 226 (4th Cir. 2019) (discussing similar factors courts must consider prior to dismissal under Rule 41(b)). A court should grant dismissal as a sanction only in "the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Mut. Fed. Savs. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Furthermore, the Fourth Circuit has held that before dismissing a case, the presiding Court should typically provide a "clear and explicit" warning of the possibility that such a sanction will be imposed, though this is not a requirement in all circumstances. *See Rangarajan*, 917 F.3d at 225–26; *see also Franklin v. Tri-Cnty. Council for the Lower E. Shore of Md.*, Civ. No. ELH-15-786, 2016 WL 3653966, at *4 (D. Md. July 8, 2016) (explaining "courts in the Fourth Circuit generally impose a dispositive sanction only in cases where the noncompliant party disregarded an earlier, lighter sanction"), *report and recommendation adopted*, Civ. No. ELH-15-00786, 2016 WL 4060842 (D. Md. July 28, 2016).

### III. Analysis

Though the Court is reluctant to grant dismissal as a sanction against a *pro se* litigant, dismissal is warranted and necessary here. All four of the factors identified above support dismissal. Starting with "whether the non-complying party acted in bad faith," it is clear that Plaintiff has intentionally defied the Court's orders and that she considers it her prerogative to do so if she disagrees with the Court's determinations. Plaintiff's failure to respond to Defendant's Requests for Production and to produce on the schedule required by the Court's Order compelling production (ECF No. 47) may be attributable to her erstwhile attorney's inattention and misconduct. But Plaintiff alone bears the responsibility for her failure to pay or seek relief from

5

the Court following the Court's September 25, 2020 Order regarding attorney's fees. (*See* ECF No. 75.) Likewise, Plaintiff is responsible for her decision to skip her deposition and thereby make it impossible for Defendant to take her testimony during the Court-ordered discovery period. Whether Plaintiff did so in an effort to force the Court to grant an extension to the discovery period or for other reasons, she has provided no good faith justification for her actions.

Turning to the "amount of prejudice that noncompliance caused the adversary," Plaintiff's refusal to sit for deposition has caused substantial prejudice to Defendant. By avoiding being deposed, Plaintiff has prevented Defendant from interrogating her claims as necessary to prepare a defense. Such conduct is highly prejudicial. *See Johnson v. Diversified Consultants, Inc.*, Civ. No. PWG-15-1486, 2016 WL 1464549, at *3 (D. Md. Apr. 13, 2016) (finding "significant prejudice" where plaintiff's defiance of discovery obligations effectively "preclud[ed]" the defendant "from preparing a defense"); *Action Bus. Sys., Inc. v. Gen. Elec. Cap. Corp.*, Civ. No. WMN-03-3561, 2005 WL 8174512, at *4 (D. Md. Oct. 18, 2005) (finding prejudice where plaintiff's actions "would force [defendant] to proceed to trial completely in the dark").

The need to deter this sort of behavior is clear. When parties ignore court orders and their discovery obligations, it "undermines the ability of litigants to obtain the required information to defend or prosecute their cases, which in turn seriously undermines the truth-seeking function of the Court." *Woodbury v. Victory Van Lines*, Civ. No. TDC-16-2532, 2019 WL 2135649, at *5 (D. Md. May 16, 2019) (internal quotation marks and citations omitted), *report and recommendation adopted*, Civ. No. TDC-16-2532, 2019 WL 5864570 (D. Md. June 17, 2019). It also forces the Court to spend scarce judicial resources micromanaging the discovery process. It is therefore important to signal to litigants that this sort of conduct is not acceptable.

Finally, it does not appear that a lesser sanction could suffice. By failing to pay attorney's fees, even after the Court imposed a payment schedule designed to facilitate compliance, Plaintiff has made it clear that monetary sanctions are not an effective deterrent. Monetary sanctions may also be a harsher punishment than dismissal, given Plaintiff's circumstances. Further, given that Plaintiff's testimony is central to her proof of her case, preventing her from testifying as a sanction for her refusal to be deposed is not a practicable alternative to dismissal. *See Action Bus.*, 2005 WL 8174512, at *4 (dismissing where the exclusion of evidence denied to the defendant "would end up being the same as entering a default judgment against [plaintiff] on its claims as [plaintiff] cannot establish any of its claims without that excluded evidence and testimony"). This factor too supports dismissal.

Regarding the presence of the "clear and explicit" warning, the Court clearly warned Plaintiff that no further extensions of the discovery period would be provided and that if she did not move forward with the case, it would be "subject to being dismissed[.]" (ECF No. 70.) The Court also provided Plaintiff with notice that failure to respond to Defendant's motion could result in dismissal. (ECF No. 77.) Nevertheless, Plaintiff opted not to appear for her deposition, thereby making it impossible for the deposition to occur during the discovery period, then failed to provide a justification for her actions.

In light of the above, the Court finds that the only appropriate sanction is dismissal. As noted, the Court does not take this step lightly, particularly given Plaintiff's *pro se* status. Indeed, the Court previously denied another unopposed motion seeking dismissal as a sanction. But under the circumstances, dismissal is necessary.

Though Rule 37(b)(2)(C) dictates that the Court should typically order a sanctioned party to pay a movant's expenses, the Court finds that it would be unjust to impose an award of expenses

7

against Plaintiff and therefore declines to do so. Though the Court recognizes that there is no "flat per se policy" against imposing expenses on "any party who is financially indigent," *Bosworth v. Rec. Data of Md., Inc.*, 102 F.R.D. 518, 521 (D. Md. 1984), the combination of Plaintiff's indigence, her difficulties with her former counsel, and the ongoing pandemic render an award of expenses inappropriate in this unique instance. *See Brown v. Wexford Health Sources, Inc.*, Civ. No. JKB-17-1212, 2020 WL 1984905, at *3 (D. Md. Apr. 27, 2020) (denying expenses based on comparable considerations). As such, no expenses will be awarded.

For similar reasons, upon reconsideration, the Court will also vacate its previous judgment against Plaintiff. (ECF Nos. 55, 75.) Though Plaintiff bears some responsibility, the Court notes that the record indicates it was her former counsel's mismanagement of the discovery process that led to the entry of that award. In light of Plaintiff's demonstrated indigence, counsel's withdrawal from the matter, and the ongoing pandemic, the burden of that award has increased substantially. Further, now that the Court has granted the most severe sanction of dismissal, which will allow Defendant to "avoid the time and expense of filing further motions or preparing for trial," the lesser sanction of expenses no longer serves a justifiable purpose. *Action Bus.*, 2005 WL 8174512, at *4 n.5 (denying expenses following dismissal given "the severity of the sanctions already imposed"). As such, the judgment will be vacated.

### IV.    *Conclusion*

For the foregoing reasons, an order shall enter granting Defendant's motion to dismiss, denying Plaintiff's motion for an extension, and vacating the Court's prior judgment against Plaintiff.

DATED this __7__ day of December, 2020.

BY THE COURT:

_____
James K. Bredar
Chief Judge