IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JANICE M. DELOATCH, | * | |
| Plaintiff, | * | |
| v. | * | |
| | | CIVIL NO. JKB-18-3811 |
| BAYWOOD HOTELS, Inc., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

Pending before the Court is Plaintiff Janice Deloatch's Motion that Case be Re-Opened, Motion to Reverse/Vacate Order Closing Case, or Motion Appealing Order to Close Case (ECF No. 85), which the Court construes as a Motion for Relief from Judgment under Federal Rule 60(b). The motion is fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Plaintiff's motion will be denied.

### I. *Background*

The history of this case is fully set out in the Court's memorandum granting Defendant's Motion to Dismiss (ECF No. 84) and will only briefly be recounted here. On December 11, 2018, Plaintiff filed a *pro se* Complaint against Defendant Baywood Hotels, Inc. for sexual harassment and retaliatory termination. (ECF No. 1.) Plaintiff, at the time represented by counsel, then failed to comply with discovery, leading this Court to impose monetary sanctions. (ECF No. 55.) After her counsel withdrew on June 17, 2020, Plaintiff moved for a continuance and a one-year extension of all deadlines, arguing she was entitled to the additional time to retain new counsel. (ECF No. 66.) Though the Court granted Plaintiff a three-month extension, it also warned that "[t]his is the

1

final extension that will be permitted in this case. If Plaintiff does not move forward with this case, the case is subject to being dismissed[.]" (ECF No. 70.)

On October 27, 2020, Defendant moved to dismiss the case based on Plaintiff's failure to pay the sanctions award and to appear for her deposition which had been scheduled for October 23, 2020. (Urban Decl., Mot. Dismiss Ex. 1, ECF No. 76-2.) Concluding that dismissal was "the only appropriate sanction" under the circumstances, the Court granted Defendant's motion to dismiss. (ECF No. 84 at 7.) On January 21, 2021, Plaintiff filed the instant motion. (ECF No. 85.)

## *II.     Legal Standard and Analysis[1]*

Because Plaintiff's motion was filed more than 28 days after final judgment in this case, it must be construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b). *See Hughley v. Matthew Carpenter, P.A.*, Civ. No. JKB-19-1950, 2020 WL 6703717 (D. Md. Nov. 13, 2020) (explaining that Rule 60(b) controls motions to reconsider judgments filed later than Rule 59(e)'s 28-day window to alter or amend a judgment). Under Rule 60(b), relief from a final judgment can be granted for various reasons, including upon a showing of "mistake, inadvertence, surprise or excusable neglect." *Aikens v. Ingram*, 652 F.3d 496, 500 n.3 (4th Cir. 2011) (quoting Fed. R. Civ. P. 60(b)).

In support of her motion, Plaintiff identifies numerous circumstances that have made it challenging for her to effectively prosecute, or even keep track of, this litigation. (*See* ECF No. 85 at 3–9.) While the Court acknowledges these challenges—and especially how they have been

---

[1] Although an appeal has been docketed in this case (ECF No. 88), the Court retains jurisdiction to consider this motion under Fed. R. Civ. P. 62.1. *See Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999) ("[W]hen a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion and should do so promptly."). Because the Court denies this motion, and it does not "raise[] a substantial issue" no notice to the Court of Appeals is required under Rule 62.1(b).

2

exacerbated by the COVID-19 crisis—"[e]xcusable neglect is not easily demonstrated," and "a party that fails to act with diligence will be unable to establish that her conduct constituted excusable neglect." *Martinez v. United States*, 578 F. App'x 192, 194 (4th Cir. 2014) (internal quotation marks omitted). The question of whether neglect is "excusable is at bottom an equitable inquiry, taking account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the non-movant . . . [and] the reason for the delay, including whether it was within the reasonable control of the movant." *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996) (defining excusable neglect with respect to filing of an appeal) (internal citation and quotation marks omitted); *Martinez*, 578 F. App'x at 194 ("Excusable neglect generally has the same meaning throughout the federal procedural rules.").

Here, Plaintiff repeatedly failed to comply with critical discovery deadlines, severely prejudicing Defendant's ability to develop facts related to the allegations she has made against them. While some of these failures may be attributable to her former counsel, the Federal Rules "hold a client accountable for the mistakes of counsel." *Thompson*, 76 F.3d at 533. In addition, while proceeding *pro se*, Plaintiff missed crucial deadlines, including failing to attend her own deposition. Plaintiff offers no evidence to suggest that her ability to comply with these deadlines was not "within the reasonable control of the movant." *Id.* Specifically, Plaintiff blames these failures on challenges with monitoring e-mail and receiving physical mail as well as communicating effectively with opposing counsel. Nonetheless, Plaintiff bore an affirmative responsibility to "notif[y] the court and opposing counsel [of these difficulties] . . . or [to find] another way to stay informed regarding any developments in the case." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (collecting cases). In short, although the challenges

Plaintiff has faced in prosecuting her case are sympathetic, they do not render her neglect excusable.

Accordingly, the Court finds no reason for granting Plaintiff relief from judgment under Fed. R. Civ. P. 60(b). While "dismissal without deciding the merits is the most extreme sanction that should only be done with restraint," a thorough review of the record in this case assures the Court that it was warranted in this case. *Kronberg v. LaRouche*, 641 F. App'x 222, 225 (4th Cir. 2012) (internal quotation marks omitted).

### III. Conclusion

For the foregoing reasons, an order shall enter denying Plaintiff's Motion that Case be Re-Opened (ECF No. 85).

DATED this 17 day of March, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge